The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Richard Ford. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Findings of Fact numbers 7, 8 and 9, Conclusions of Law numbers 3 and 4, and Award numbers 2 and 3.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. A North Carolina Industrial Commission Form 21 Settlement Agreement approved September 5, 1991 appears in the Commission file.
2. On March 1, 1991, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date the employer-employee relationship existed between the parties.
4. As of said date Progressive Insurance Co. provided the coverage to the employer as provided under said Act.
5. That the plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on March 1, 1991.
6. On said date the plaintiff was earning an average weekly wage of $321.00.
7. That the issues to be determined in this case are:
 a. Are the injuries of which the plaintiff complains caused by the accident occurring on March 1, 1991; and,
 b. If so, to what further compensation, if any, is the plaintiff entitled under the Act.
8. The plaintiff is making no claim for compensation or benefits prior to April 28, 1991.
At the hearing on February 21, 1994, the parties introduced the following exhibits:
1. Plaintiff's Exhibit 1, marked P1, consisting of a document of wages and earnings from Carolina Shoe.
Subsequent to the hearing on February 21, 1994, the parties entered the following documentation into the record which have been considered by the undersigned in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of David F. Martin, M.D. dated August 31, 1994.
2. Deposition of Bernard E. Tosky, D.C. dated July 27, 1994.
3. Deposition of Larry A. Pearce, M.D. dated August 2, 1994.
4. Medical records of Dr. Stanley Peters dated May 20, 1991 and May 23, 1991.
5. Eighteen pages of Foothills Mental Health records.
* * * * * * * * * * *
The Full Commission adopts, in part, and modifies, in part, the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On March 1, 1991, the plaintiff, a long distance truck driver who had been employed by the defendant-employer since August of 1990, sustained a back injury in the course and scope of her employment with the defendant-employer when, while performing the duties of her employment, she fell from a truck cab about five feet onto gravel ground at which time she immediately felt pain in her low back, neck and left hip.
2. On said occasion, the plaintiff was in Flagstaff, Arizona on her way home to North Carolina which trip she did complete and immediately upon arriving home sought and received conservative medical care and treatment for her injuries.
3. Thereafter, the defendant continued to provide the plaintiff with such medical care and treatment and pay her compensation under the terms of a Form 21 Agreement dated September 5, 1991 until April 28, 1991, when she was medically released to return to work.
4. After April 28, 1991, the plaintiff continued to suffer with pain resulting from her back injuries and to receive said conservative medical care and treatment for her said pain and was unable to return to the duties of her employment as a long distance truck driver.
5. After April 28, 1991, the plaintiff, in addition to the conservative medical treatment which she was receiving, underwent physical therapy and ultimately was medically released to return to work and did return to work with another employer doing production work as a leather sewer on November 6, 1991.
6. Subsequent to November 6, 1991, the plaintiff continued to work at her new employment, to suffer from the pain which she continued to experience since the fall on March 1, 1991 and to be conservatively medically treated by medication for her said pain.
7. On July 23, 1993, the plaintiff's employment was terminated because of absenteeism which was related to her injury by accident, and thereafter her pain symptoms have continued to be treated conservatively with various medications.
8. The plaintiff has cervical strain, lumbar strain and radiculopathy and headache. Her condition will require further future medical care and treatment to give her relief from her pain and possibly effect a cure of her malady.
9. Since November 6, 1991 the plaintiff's pain symptoms have remained the same with cycles of greater and lesser intensity.
10. Plaintiff found employment as a leather sewer earning diminished wages on November 6, 1991. Plaintiff's pain and other symptoms caused her to be unable to work forty hours or more per week on a consistent basis during the majority of the time she worked at Carolina Shoe. Plaintiff's total earnings at Carolina Shoe was $16,536.24.
11. The plaintiff has sustained a six percent permanent partial disability of the back as the result of the incident on March 1, 1991.
12. The plaintiff has lost additional time from work as a result of the injury from April 28, 1991 to November 6, 1991.
13. The plaintiff was earning an average weekly wage of $321.00 on March 1, 1991.
* * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. On March 1, 1991, the plaintiff sustained an injury to her back by accident arising out of and in the course of her employment with the defendant-employer. N.C.G.S. § 97-2(6).
2. The plaintiff is entitled to temporary total disability compensation benefits from April 28, 1991 to November 6, 1991 at the rate of $214.00 per week. N.C.G.S. § 97-29.
3. The plaintiff is entitled to benefits pursuant to N.C.G.S. § 97-30 for a period not to exceed 300 weeks from the date of injury. Plaintiff is entitled to two-thirds of the difference between her old wages and her new wages since her injury by accident for a period not to exceed 300 weeks commencing November 7, 1991. N.C.G.S. § 97-30.
4. The defendant shall pay all past, present and future medical expenses resulting from said injury of March 1, 1991. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
AWARD
1. The defendants shall pay to the plaintiff in one lump sum temporary total disability compensation benefits from April 28, 1991 to November 6, 1991 at the rate of $214.00 per week, less the attorney fee hereinafter provided.
2. The defendants shall pay to the plaintiff benefits pursuant to N.C.G.S. § 97-30 for a period not to exceed 300 weeks from the date of injury commencing November 7, 1991, in the amount of two-thirds of the difference between plaintiff's old wages and her wages subsequent to her injury, less the attorney fee hereinafter provided.
3. The defendants shall pay all past, present and future medical expense resulting from said injury.
4. An attorney fee of 25 percent of the compensation herein allowed is hereby approved and awarded to Scott Whisnant for his services to the plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
5. The defendants shall pay the costs.
FOR THE FULL COMMISSION
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 3/5/96